IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IRIS GONZALEZ, § | |
| PLAINTIFF § | |
| § | CIVIL ACTION:  3:21-CV-138 |
| VS. § | |
| § | |
| KNIGHT INDUSTRIAL SERVICES, INC., § | JURY TRIAL DEMANDED |
| DEFENDANT § | |
| § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Eleven days after Knight Industrial Services learned that Iris Gonzalez was complaining of national origin and age discrimination and wanted to report the problem to the Equal Employment Opportunity Commission, the company retaliated against her by firing her. Iris Gonzalez brings this lawsuit to challenge Knight Industrial Services' gender and age based discrimination and the retaliation it brought upon her.

## PARTIES

1. The plaintiff, Iris Gonzalez, is an individual who resides in Spring, Harris County, Texas.

2. The defendant Knight Industrial Services, Inc. ("Knight" or "KIS"), is a domestic, for-profit corporation doing business in Harris County and Chambers County, Texas. It can be served through its registered agent for service: William Marcus Knight, 6802 I-10 East Freeway, Baytown, Texas 77521. Its principal place of business is P.O. Box 1650, Mont Belvieu, Texas 77580-1680.

## JURISDICTION AND VENUE

3. This case is brought under Title VII of the Civil Rights Act and the ADEA, 29 U.S.C. § 621, et seq.

4. The Court has jurisdiction of this case according to 28 U.S.C. §§ 1331 and 1343.

5.     Venue is invoked pursuant to 28 U.S.C. § 1391.

## STATEMENT OF THE PLAINTIFF'S CASE

6.     Knight hired Gonzalez in the role of Executive Human Resources Director in February 2019. Knight promoted her to VP of Human Resources in August 2019.

7.     Knight was pleased with Gonzalez' performance and she performed well. Until Knight fired Gonzalez it never disciplined her to raised complaints about her performance.

8.     Gonzalez experienced difficulties from a Knight employee named Britany Daly. Daly was rude, condescending, and disrespectful to Gonzalez. Daly would be slow to provide information to Gonzalez – or outright refuse to provide Gonzalez information or otherwise provide assistance.

9.     As early as April 2019, Knight's management, including Brett Kinsel and Riley Knight, heard several complaints from Gonzalez about Day and the disrespect, harassment and hostility that Daly exhibited towards Gonzalez.

10.    Knight never took action to address or correct Daly's behavior towards Gonzalez.

11.    Knight held a management meeting on October 24, 2019. Present at the meeting were Xavier Hernandez, Shelby Knight, Brett Kinsel, Riley Knight, and Gonzalez.

12.    At this October meeting, Gonzalez complained about Daly's behavior and job performance. Gonzalez highlighted Daly's rude behavior by pointing out that Daly treated her worse than another Knight employee, Amy Shugart. Gonzalez complained that Daly treated her differently – and worse – than Shugart because Shugart is younger than Gonzalez and Shugart is not Hispanic while Gonzalez is Hispanic. Gonzalez complained that Daly was not performing her tasks, which was then causing delays for Gonzalez.

13.     Gonzalez questioned why Knight was not holding Daly accountable for her biased behavior and poor job performance. Kinsel defended Daly's behavior rather than holding her accountable. Riley told Gonzalez, "I'm not firing either you or Brittany. I need you both."

14.     At this October meeting, Gonzalez also told Knight management that she was giving them the opportunity to fix the problem before she had to go to the Equal Opportunity Commission (EEOC) to report the discrimination from Daly and Knight's refusal to hold Daly accountable. This served to notify Knight of Gonzalez's right to complain to the EEOC about discrimination.

15.     On November 4, 2019, Riley Knight met with Gonzalez and fired her. This was eleven days after she gave Knight management the opportunity to fix the problem before she had to go to the EEOC.

16.     At the termination meeting, Riley Knight told Gonzalez she was being fired because employees had complained about her. When Gonzalez asked Riley Knight for specifics, he refused to provide any.

17.     Prior to firing Gonzalez, Knight never disciplined her for her behavior or because of any complaints from employees. Knight never told Gonzalez that employees complained about her prior to firing her.

18.     At the termination meeting, Riley Knight said nothing about Gonzalez failing to complete assignments.

19.     At the termination meeting, Riley Knight said nothing about Gonzalez' alleged tardiness.

20.     After the termination meeting, Knight changed its story regarding the reason for terminating Gonzalez.

21. After firing Gonzalez, Knight told the Texas Workforce Commission (TWC) that it fired Gonzalez because she was not completing job assignments. That is false. Gonzalez was on top of her to-do list. Any difficulties she had in completing tasks were either because of delays caused by Daly and Knight management, or because of typical workplace delays.

22. After firing Gonzalez, Knight also told the TWC that Gonzalez was fired because her tardiness. That is false. Gonzalez did not have a problem with tardiness and Knight never told her that she did.

23. After firing Gonzalez, Knight told the EEOC that Gonzalez failed to set up the company's open-enrollment for health benefits and that she failed to maintain the payroll software system. Both of those allegations are false and neither of those allegations were shared with Gonzalez prior to or at her termination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Gonzalez timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission. After over 180 days passed, she requested a right-to-sue letter, received it, and timely files this complaint.

## CAUSES OF ACTION

### RACE DISCRIMINATION, AGE DISCRIMINATION, AND RETALIATION

25. Knight fired Gonzalez because of her national origin, her age, and because she complained of discrimination. Knight's stated reason for firing Gonzalez is false and is a pretext for its unlawful motive(s).

26. Knight's conduct violates Title VII of the Civil Rights Act, which prohibits discrimination in employment on the basis of national origin and retaliation against an individual for reporting and objecting to such discrimination.

27. Knight's conduct violates the Age Discrimination in Employment Act (ADEA), which prohibits discrimination in employment on the basis of age and retaliation against an individual for reporting and objecting to such discrimination.

## DAMAGES

28. Knight's actions caused economic damages to Gonzalez in the form of lost wages and benefits income, past and future.

29. Knight's actions also caused Gonzalez compensatory damages; she has experienced the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption of her peace of mind as a result of Knight's unlawful conduct which any reasonable person would have suffered under like circumstances.

30. Gonzalez has also suffered compensable out-of-pocket expenses as a direct result of having unlawfully terminated from Knight.

31. Further, the plaintiff seeks an award of exemplary damages for her Title VII claim because the defendant's actions were of the sort that render the imposition of exemplary damages appropriate.

## RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

a. Declaring that the acts and practices complained of in this Complaint are in violation of the law;

b. Enjoining and permanently restraining these violations of the law;

c. Directing the defendant to pay plaintiff actual and compensatory damages that she suffered, past and future;

d. Ordering that the plaintiff be reinstated or, in the alternative, awarded front pay;

e.  Directing the defendant to pay plaintiff exemplary damages for its conduct in an amount as yet to be ascertained;

f.  Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

g.  Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

h.  Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

i.  Awarding plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

/s/ *Mark G. Lazarz*
\***Mark G. Lazarz**
Tx Southern District ID No. 12069100
Tx. Bar No. 12069100
**Paul R. Harris**
Tx Southern District ID No. 897365
Tx. Bar No. 24059905
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 | f: (713) 621-0993
mlazarz@eeoc.net
pharris@eeoc.net

Attorneys for Plaintiff Iris Gonzalez
\* Attorney in Charge